**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 05-cv-00052-REB-PAC

GUY CHICK,

    Plaintiff,

v.

TIMITHI BOULTON, parole officer
DAVID GALLEGOS, Aurora Police Department, and
MIKE GASKILL, Aurora Police Department,

    Defendants.

_____

**ORDER CONCERNING DEFENDANT BOULTON'S MOTION TO DISMISS**
_____

**Blackburn, J.**

    This matter is before me on defendant Timithi Boulton's Motion to Dismiss [#33], filed August 1, 2005. Plaintiff filed his *pro se* response [#41] to the motion on August 24, 2005, and defendant filed his reply [#42] on September 6, 2005. This motion was referred to the magistrate judge in my general order of reference [#17], filed May 27, 2005. In an effort to streamline the resolution of this motion, and with the consent of the magistrate judge, I will withdraw my order of reference as to this motion only. For the reasons discussed below, I deny the motion to dismiss.[1]

**I. JURISDICTION**

    I have subject matter jurisdiction under **28 U.S.C. 1331** (federal question).

---

    [1] The issues raised by and inherent to the motion to dismiss are fully briefed, obviating the necessity of jurisdictional discovery, evidentiary hearing, or oral argument.

## II. STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations set forth in the complaint, if true, are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a). I must accept all well-pleaded allegations of the complaint as true. **McDonald v. Kinder-Morgan, Inc.**, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." **Fernandez-Montes v. Allied Pilots Association**, 987 F.2d 278, 284 (5th Cir. 1993); see also **Ruiz v. McDonnell**, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), **cert. denied**, 538 U.S. 999 (2003). Thus, Rule 12(b)(6) requires dismissal if, taking all well-pleaded facts as true and construing them in the light most favorable to plaintiff, it is clear that he can prove no set of facts entitling him to relief. See **Conley v. Gibson**, 355 U.S. 41, 45-46 (1957); **Rocky Mountain Helicopters, Inc., v. Bell Helicopter Textron, Inc.**, 24 F.3d 125, 128 (10th Cir. 1994).

*Pro se* pleadings are to be construed liberally. **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972). A *pro se* litigant should be given a reasonable opportunity to remedy defects in his pleadings if his factual allegations are close to stating a claim for relief. **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be granted." *Id.* A court will not construct legal theories which assume facts that have not been pleaded, **Dunn v. White**, 880 F.2d 1188, 1197 (10th Cir. 1989), nor is the court obligated to "supply additional factual allegations to

round out a plaintiff's complaint." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

### III. BACKGROUND

The complaint addressed by the motion to dismiss is the plaintiff's amended complaint [#14], filed May 19, 2005 (Complaint). The plaintiff, Guy Chick, asserts four claims for relief based on events that occurred during his arrest by the defendants on October 1, 2004. Defendant, Timithi Boulton, is a parole officer and was Chick's parole officer at the time of Chick's arrest. Defendants Mike Gaskill and David Gallegos, are officers with the Aurora Police Department who assisted in Chick's arrest on October 1, 2004. Chick says he was in his apartment watching television with his niece when he heard a knock on the door. *Complaint*, p. 4. He says he did not answer the door because it was 11:30 at night. *Id*. A short time later, the defendants forced open the door to Chick's apartment, entered, and arrested him.

Chick's four claims are: 1) unlawful entry into plaintiff's home by the defendants; 2) excessive force by Officer Gaskill when he used his taser on plaintiff three times during the course of plaintiff's arrest; 3) police brutality by Officer Gallegos "when he went 'hands on' with plaintiff," apparently when plaintiff was unconscious from a taser shot; and 4) loss of wages resulting from plaintiff's loss of his employment as a restaurant manager due to his arrest and imprisonment. *Complaint*, pp. 4 - 7. Chick names Boulton as a defendant in claims one and four.

In his motion to dismiss, Boulton argues 1) that plaintiff's claims are barred because he has failed to exhaust his administrative remedies; 2) that Boulton is entitled to qualified immunity on claims against him in his individual capacity; 3) that any official capacity claims plaintiff asserts are barred; 4) that plaintiff fails to state a claim for

violation of any Fourth Amendment rights; and 5) that plaintiff's claim for lost wages is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The other defendants, Aurora Police Department Officers Gaskill and Gallegos, filed their answer to the complaint on August 12, 2005.

## IV. EXHAUSTION OF REMEDIES

The Prison Litigation Reform Act (PLRA) states: "No action shall be brought with respect to prison conditions under [42 U.S.C. §1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Chick was incarcerated in the Colorado Department of Corrections when he filed this case. However, his claims concern his arrest at his own home while he was on parole. His claims do not concern prison conditions, and thus are not "brought with respect to prison conditions under section 1983" or any other law. Therefore, the exhaustion requirement of § 1997e(a) is not applicable to this case.

## V. FOURTH AMENDMENT CLAIM - CLAIM ONE

In claim one, Chick asserts a claim for unlawful entry. He claims that the defendants' forcible entry into his home violated his rights under the Fourth Amendment. The Fourth Amendment is applicable to the state of Colorado under the Due Process Clause of the Fourteenth Amendment. *See, e.g., Mapp v. Ohio*, 367 U.S. 643, 655 (1961).

The Fourth Amendment provides protection from unreasonable searches and seizures. In many circumstances, law enforcement must obtain a warrant prior to entering a home and conducting a search. However, parolees do not enjoy "the absolute liberty to which every citizen is entitled, but only . . . conditional liberty properly

4

dependent on observance of special parole restrictions." *Morrissey v. Brewer*, 408 U.S. 471, 480 (1982). "These restrictions are designed to ensure rehabilitation and protect the public. These twin aims justify the state's limitation of a parolee's Fourth Amendment rights and consequent expectations of privacy." *U.S. v. Lewis*, 71 F.3d 358, 361 (10th Cir. 1995). The United States Supreme Court has recognized exceptions to the warrant requirement when special needs, beyond the normal need for law enforcement, make the warrant and probable-cause requirement impracticable. *Lewis*, 71 F.3d at 361. A state's parole system presents such special needs. *Id*.

To ensure adequate monitoring of a parolee's progress, and to deter further criminal conduct, a parole agent must be permitted, in proper circumstances, to act expeditiously and without warning. *Id*. at 362. To determine the lawfulness of the warrantless entry and search at issue here, I must balance the parolee's expectations of privacy against the state's interests to determine the level of individualized suspicion necessary to support a warrantless search. *Id*. I must look to Colorado law to determine whether the "special needs" of its parole system justify the warrantless entry into Chick's home. *Id*. The entry is reasonable under the Fourth Amendment if parole agents carried it out pursuant to state law which itself satisfies the Fourth Amendment's reasonableness requirement. *Id*.

In Colorado, parolees are required, as a condition of parole, to allow parole officers to make residential visits and to search that residence. **§17-2-201(5)(f)(I)(D), C.R.S.** (2004). Since the state statute authorizes searches of a parolee's residence as a condition of parole, a parole officer needs only reasonable suspicion that the parolee has committed or is committing a parole violation or crime. **People v. Tafoya**, **985 P.2d**

**26, 29** (Colo.App. 1999).  This parole officer authority serves legitimate needs of the state parole system.

Again, Chick says he was in his apartment watching television with his niece when he heard a knock on the door.  *Complaint*, p. 4.  He says he did not answer the door because it was 11:30 at night.  *Id*.  A short time later, the defendants forced open the door to Chick's apartment, entered, and arrested him.  Boulton argues that, hearing noises in Chick's residence but finding that no one answered the door after the defendants knocked on the door, it was reasonable for Boulton to suspect that Chick was avoiding a residential visit and search by his parole officer.  *Motion to dismiss*, p. 6.  Such avoidance, Boulton argues, supports a reasonable suspicion that Chick was avoiding the visit and/or search because he was committing other parole violations.  *Id*.

Boulton's relies on his assertion that he heard noises in Chick's apartment to support his claim that he had a reasonable suspicion that Chick was in the apartment and was avoiding a residential visit and search by his parole officer.  I note, however, that Chick's complaint does not contain any allegations that indicate that Boulton heard noises in the apartment, or otherwise could observe indications that someone was in the apartment.  Boulton's claim that he heard noises in the apartment is a factual assertion not contained in the Complaint.  Unlike a motion for summary judgment, I may not rely on such a factual assertion in resolving the motion to dismiss.

Assuming the allegations in the Complaint to be true, and reading those allegations in the light most favorable to the plaintiff, I cannot conclude that Boulton necessarily had reasonable suspicion sufficient to support the warrantless entry into Chick's apartment.  Chick's allegations state a claim for violation of his Fourth and Fourteenth Amendment rights based on Boulton's warrantless entry into Chick's

6

apartment to effect Chick's arrest.  Boulton's motion to dismiss Chick's claim one will be denied.

## VI.  CLAIM FOUR - LOST WAGES

In claim four Chick asserts a claim for lost wages.  He alleges that he was arrested on illegal grounds and was incarcerated in the Arapahoe County Detention Facility.  As a result of his incarceration, Chick alleges, he lost his job.  Chick says he was paid 24,000 dollars per year.  In his prayer for relief, he seeks 16,000 dollars in lost wages, beginning on the date of his arrest, October 1, 2004.  The Complaint was signed on May 16, 2005, while Chick was incarcerated at Arapahoe County Detention Facility.  These allegations indicate that Chick was incarcerated continuously from the date of his arrest until the filing of his Complaint.  Chick's current address of record is at the Skyline Correctional Facility, indicating he remains incarcerated.

Boulton argues that Chick's claim for damages arising from his allegedly unlawful arrest is barred by **Heck v. Humphrey**, 512 U.S. 477 (1994).  In **Heck**, the United States Supreme Court held that

> in order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. at 486-87.  "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." **Id**. at 487.

On the current record, I cannot conclude that a judgment in favor of Chick on his claim that his arrest was unlawful would "necessarily imply the invalidity of [Chick's] conviction or sentence." *Id*. The nature of Chick's apparent criminal conviction, the status of his sentence, and his parole status are not clear on the current record. It is difficult to imagine a scenario in which a judgment in Chick's favor in this case would invalidate his conviction. The effect of a judgment in Chick's favor on Chick's sentence also is far from clear.

In short, assuming the allegations in the Complaint to be true, and reading those allegations in the light most favorable to the plaintiff, I cannot conclude that Chick's claim four is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

### VII.  QUALIFIED IMMUNITY

To the extent Chick intends to sue Boulton in his individual capacity, Boulton argues that Chick's claims are barred by the doctrine of qualified immunity. Qualified immunity shields public officials from civil damages liability if their actions did not "'violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pino v. Higgs*, 75 F.3d 1461, 1467 (10th Cir. 1996) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

Once a defendant government official raises the defense of qualified immunity, the burden shifts to the plaintiff. *Harris v. Morales,* 69 F. Supp. 2d 1319, 1322 -1323 (D. Colo. 1999) (discussing the plaintiff's pleading requirements in light of a motion to dismiss based on qualified immunity defense). "The plaintiff initially bears a heavy two-part burden when the defendant pleads the defense of qualified immunity." *Id.* (quoting *Mick v. Brewer,* 76 F.3d 1127, 1134 (10th Cir.1996) (citations omitted). First, the plaintiff must demonstrate the individual defendant's conduct violated the law. This

burden means coming forward with specific facts establishing the violation. *Id.* (citing *Taylor v. Meacham*, 82 F.3d 1556, 1559 (10th Cir.1996). Second, the plaintiff must prove the relevant law was clearly established when the alleged violation occurred. *Id.* In other words, the plaintiff must demonstrate that the right is sufficiently clear so that a reasonable state official would be aware that his behavior violates that right. *Id.* (citations omitted). However, the plaintiff need not establish a "precise correlation between the then-existing law and the case at hand." *Patrick v. Miller*, 953 F.2d 1240, 1249 (10th Cir.1992).

"Once a defendant raises the defense of qualified immunity in the context of a motion to dismiss, a court must first determine whether the plaintiff has asserted a violation of federal law." *Currier v. Doran*, 242 F.3d 905, 917 (10th Cir.), *cert. denied*, 534 U.S. 1019 (2001). The Court must consider whether the facts alleged, "[t]aken in the light most favorable to the party asserting the injury, ... show the officer's conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). As discussed above, viewing Chick's allegations in the light most favorable to Chick, he has asserted an arguable claim that Boulton violated Chick's Fourth Amendment rights when Boulton entered Chick's apartment. In the context of a motion to dismiss, this satisfies the first part of Chick's burden in response to Boulton's assertion of qualified immunity.

Second, Chick must demonstrate that the relevant law was clearly established when the violation occurred. In this case, the alleged violation occurred on October 1, 2004. The cases discussed above concerning a parolee's rights under the Fourth and Fourteenth Amendments all pre-date Chick's arrest by a substantial period of time. *Morrissey v. Brewer*, 408 U.S. 471, 480 (1982); *U.S. v. Lewis*, 71 F.3d 358, 361 (10th

Cir. 1995); ***People v. Tafoya***, 985 P.2d 26, 29 (Colo. App. 1999).  This law, and other well-established Fourth Amendment law, constitutes clearly established law.  Reading Chick's allegations in the light most favorable to Chick, and excluding consideration of other factual assertions, Chick's allegations are sufficient to state a claim for violation of this clearly established law.  This satisfies the second part of Chick's burden in response to Boulton's assertion of qualified immunity.

On the current record, Boulton is not yet entitled to dismissal of Chick's Complaint based on qualified immunity.

### VIII.  SOVEREIGN IMMUNITY

To the extent Chick intends to sue Boulton for damages in his official capacity, Boulton argues that Chick's claims are barred by the Eleventh Amendment.  In his request for relief, Chick seeks an award of actual and punitive damages against Boulton.  *Complaint*, p. 8.  Chick does not seek relief other than damages.

A claim against an official of the state of Colorado in his official capacity is construed as a claim against the State of Colorado.  "(A)n official-capacity suit against a state officer is not a suit against the official but rather is a suit against the official's office.  As such it is no different from a suit against the State itself."  ***Hafer v. Melo***, 502 U.S. 21, 26 (1991) (citation and internal quotations omitted).  The Eleventh Amendment bars claims against state officials in their official capacities for monetary relief and for equitable relief to remedy past wrongs.  ***See Kentucky v.* Graham**, 473 U.S. 159, 166 - 168 (1985); **Will *v. Michigan Department of State Police*,** 491 U.S. 58, 71 (1989) (holding that state officials acting in their official capacities are not "persons" subject to suit under 42 U.S.C. §1983).

10

To the extent Chick intends to sue Boulton in his official capacity, Chick's claims are barred by the Eleventh Amendment. Boulton's motion to dismiss Chick's claims against Boulton in his official capacity will be granted.

### IX.  CONCLUSION & ORDERS

Taking the allegations in Chick's Complaint as true, and construing them in the light most favorable to Chick, I conclude that Chick's allegations are sufficient to state a claim against Boulton under the Fourth and Fourteenth Amendments, including a claim against Boulton for lost wages. Further, on the current record and applying the relevant standards outlined above, I find that qualified immunity does not bar Chick's claims against Boulton. On the other hand, to the extent Chick asserts claims against Boulton in Boulton's official capacity, those claims are barred by the Eleventh Amendment.

**THEREFORE, IT IS ORDERED** as follows:

1. That my general order of reference in this case [#17], filed May 27, 2005, is **WITHDRAWN** as to defendant Timithi Boulton's Motion to Dismiss [#33], filed August 1, 2005;

2. That defendant Timithi Boulton's Motion to Dismiss [#33], filed August 1, 2005, is **GRANTED** as to the plaintiff's claims against Boulton in his official capacity;

3. That defendant Timithi Boulton's Motion to Dismiss [#33], filed August 1, 2005, otherwise is **DENIED**;

Dated March 7, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**

11