IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 05-cv-00052-REB-PAC

GUY CHICK,

    Plaintiff,

v.

TIMITHI BOULTON, parole officer
DAVID GALLEGOS, Aurora Police Department, and
MIKE GASKILL, Aurora Police Department,

    Defendants.
_____

**ORDER CONCERNING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**
_____

**Blackburn, J.**

This matter is before me on the following: 1) **Defendant Boulton's Motion for Summary Judgment** [#70], filed May 17, 2006; 2) defendants, Mike Gaskill and Dave Gallegos', **Motion for Summary Judgment** [#72], filed May 17, 2006; 3) the **Recommendation of United States Magistrate Judge** [#82], filed July 4, 2006; and 4) the **Motion to Continue Conferences and Trial by Defendant Timithi Boulton** [#86], filed September 26, 2006.  The plaintiff has not filed a response to any of the motions or to the recommendation.  In order to expedite resolution of this case, my Order of Reference [#17], filed May 27, 2005, is withdrawn as to the defendants' motions for summary judgment [#70] and #72]. The motions for summary judgment are granted, and the recommendation is adopted.

## I. JURISDICTION

I have subject matter jurisdiction under **28 U.S.C. 1331** (federal question).

## II. STANDARD OF REVIEW

Under **FED. R. CIV. P. 56(c)**, summary judgment is proper only if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates there is no genuine issue as to any material fact, and the moving party is entitled to summary judgment as a matter of law. *Farthing v. City of Shawnee, Kan*. 39 F.3d 1131, 1134 (10th Cir. 1994).  A "material" fact is one "that might affect the outcome of the suit under the governing law," *Id.* at 1135 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986)), and a "genuine" issue is one where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (citing *Id.*).

I have considered the pleadings, discovery, and affidavits on file, together with the arguments advanced and authorities cited by the defendants in their respective briefs. I have employed the analysis required by apposite law*. See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir.1990); *Redmon v. United States*, 934 F.2d 1151,1155 (10th Cir. 1991); and *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th  Cir.1994).

When no objections are filed addressing a magistrate judge's recommendation I review it only for plain error.  *See Morales-Fernandez v. Immigration &*

***Naturalization Service***, 418 F.3d 1116, 1122 (10th Cir. 2005).[1]  Finding no such error, I find and conclude that the magistrate judge's recommendation should be approved and adopted.

### III.  ANALYSIS

The defendants argue that there are no genuine issues of material fact related to any of the plaintiff's four claims, and that they are entitled to judgment as a matter of law as to each of the four claims.  I agree.  For the reasons stated, arguments advanced, and authorities cited by the defendants in their motions for summary judgment and supporting briefs, I conclude that each of the defendants is entitled to summary judgment on each claim against them.

The magistrate judge recommends that this case be dismissed based on the plaintiff's failure to make monthly payments on the filing fee in this case, or show cause why he is not able to make such payments.  The plaintiff has failed to comply with the court's order that he make such payments, and he has failed to respond to an Order to Show Cause [#81], filed June 16, 2006, directing the plaintiff to show cause why this case should not be dismissed due to the plaintiff's failure to make payments on the filing fee.  I conclude that the recommendation is correct.

The defendants object to the recommendation only because the Magistrate Judge recommends dismissal without prejudice rather than with prejudice.  This objection is obviated by this order, which grants the defendants' motions for summary judgment, and dismissed this case with prejudice.

---

[1] This standard pertains even though plaintiff is proceeding *pro se.*  ***Morales-Fernandez***, 418 F.3d at 1122.

**THEREFORE, IT IS ORDERED** as follows:

1. That my Order of Reference [#17], filed May 27, 2005, is **WITHDRAWN** as to the defendants' motions for summary judgment [#70] and #72], both filed May 17, 2006;

2. That **Defendant Boulton's Motion for Summary Judgment** [#70], filed May 17, 2006, is **GRANTED**;

3. That defendants, Mike Gaskill and Dave Gallegos', **Motion for Summary Judgment** [#72], filed May 17, 2006, is **GRANTED**;

4. That the **Recommendation of United States Magistrate Judge** [#82], filed July 4, 2006, is **APPROVED** and **ADOPTED** as an order of this court;

5. That this case is **DISMISSED WITH PREJUDICE**;

6. That the trial preparation conference set for November 21, 2006, at 1:15 p.m. is **VACATED**;

7. That the trial set to begin on November 27, 2006, at 9:00 a.m. is **VACATED**;

8. That the **Motion to Continue Conferences and Trial by Defendant Timithi Boulton** [#86], filed September 26, 2006, is **DENIED** as moot; and

9. That defendants Timithi Boulton, David Gallegos, and Mike Gaskill, are **AWARDED** their costs, to be taxed by the Clerk of the Court pursuant to FED. R. CIV. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated October 3, 2006, at Denver, Colorado.

                **BY THE COURT:**

                s/ Robert E. Blackburn
                **Robert E. Blackburn**
                **United States District Judge**